**JOHN C. LEMON**
California Bar No. 175847
**LAW OFFICES OF JOHN C. LEMON, APC**
1350 Columbia Street, Suite 600
San Diego, California  92101
Telephone:  (619) 794-0423

Attorney for **Mr. Barrera-Santana**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JOHN A. HOUSTON)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 08cr1551-JAH |
| Plaintiff, | Date:   June 23, 2008<br>Time:  8:30 a.m. |
| v. | |
| **OSCAR IGNACIO BARRERA-SANTANA (2),** | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| Defendant. | **OF DEFENDANT'S MOTIONS** |

**I.**

**STATEMENT OF FACTS**[1]

On May 1, 2008, Mr. Barrera-Santana was arrested by Border Patrol agents after being a passenger in a van that was allegedly delivered for the purpose of smuggling aliens.  Mr. Barrera-Santana allegedly waived hi *Miranda* rights and made a post-arrest statement in which he denied knowledge that the van was going to be used for alien smuggling and stated further that he was not going to be paid for dropping off the van.  Co-defendant Rosalio Alatorre also allegedly waived *Miranda* and made statements that inculpated both defendants.

//

---

[1]   The following statement of facts was obtained from the statement of facts in support of the complaint filed against Mr. Barrera-Santana. Mr. Barrera-Santana does not stipulate to the accuracy of these facts and reserves the right to adopt a contrary position at a motion hearing or trial.

1    Mr. Barrera-Santana did not receive a pre-indictment offer. On May 14, 2008, the grand jury for
2 the Southern District of California issued a six-count indictment charging the defendants with bringing
3 undocumented aliens to the United States for financial gain and transporting undocumented aliens. *See* 8
4 U.S.C. §§ 1324(a)(2)(B)(ii); 1324(a)(1)(A)(ii) and (v)(II).

5    On May 28, 2008, the government produced 163 pages of discovery and three DVD's. This motion
6 follows.

**II.**

**MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE**

9    Mr. Barrera-Santana moves for the production by the government of the following discovery and
10 for the preservation of evidence. This request is not limited to those items about which the prosecutor
11 knows, but includes all discovery listed below that is in the custody, control, care, or knowledge of any
12 government agency. *See generally Kyles v. Whitley,* 514 U.S. 419 (1995); *United States v. Bryan,* 868 F.2d
13 1032 (9th Cir. 1989).

14    1.    The Defendant's Statements. The government must disclose to Mr. Barrera-Santana *all*
15 copies of any written or recorded statements made by Mr. Barrera-Santana; the substance of any statements
16 made by Mr. Barrera-Santana that the government intends to offer in evidence at trial; any response by Mr.
17 Barrera-Santana to interrogation; the substance of any oral statements that the government intends to
18 introduce at trial and any written summaries of Mr. Barrera-Santana's oral statements contained in the
19 handwritten notes of the government agent; any response to any *Miranda* warnings that may have been
20 given to Mr. Barrera-Santana; and any other statements by Mr. Barrera-Santana. Fed. R. Crim. P.
21 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that
22 the government must reveal *all* of Mr. Barrera-Santana's statements, whether oral or written, regardless of
23 whether the government intends to make any use of those statements.

24    2.    Arrest Reports, Notes and Dispatch Tapes. Mr. Barrera-Santana also specifically requests
25 that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding her
26 arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over
27 to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other
28 documents in which statements of Mr. Barrera-Santana or any other discoverable material is contained. Mr.

1   Barrera-Santana includes in this request any redacted portions of the Report of Investigation ("ROI") and
2   any subsequent ROI's that the case agent or any other agent has written.  This is all discoverable under Fed.
3   R. Crim. P. 16(a)(1)(A) and (B) and *Brady v. Maryland,* 373 U.S. 83 (1963).  *See also Loux v. United States,*
4   389 F.2d 911 (9th Cir. 1968).  Arrest reports, investigator's notes, memos from arresting officers, dispatch
5   tapes, sworn statements, and prosecution reports pertaining to Mr. Barrera-Santana are available under Fed.
6   R. Crim. P. 16(a)(1)(A) and (B), Fed. R. Crim. P. 26.2 and 12(I).  Preservation of rough notes is requested,
7   whether or not the government deems them discoverable.

8          3.      *Brady* Material.  Mr. Barrera-Santana requests all documents, statements, agents' reports,
9   and tangible evidence favorable to her on the issue of guilt and/or evidence that affects the credibility of the
10  government's case.  Impeachment and exculpatory evidence both fall within *Brady's* definition of evidence
11  favorable to the accused.  *United States v. Bagley,* 473 U.S. 667 (1985); *United States v. Agurs,* 427 U.S.
12  97 (1976).

13         4.      Any Information That May Result in a Lower Sentence.  As discussed above, any
14  information that may result in a more favorable sentence must also be disclosed pursuant to *Brady,* 373 U.S.
15  83.  The government must disclose any cooperation or attempted cooperation by Mr. Barrera-Santana, as
16  well as any information that could affect any base offense level or specific offense characteristic under
17  Chapter Two of the Guidelines.  Also included in this request is any information relevant to a Chapter Three
18  adjustment, a determination of Mr. Barrera-Santana's criminal history, or any other application of the
19  Guidelines.

20         5.      The Defendant's Prior Record.  Evidence of a prior record is discoverable under Fed. R.
21  Crim. P. 16(a)(1)(D).  Mr. Barrera-Santana specifically requests a complete copy of any criminal record.

22         6.      Any Proposed 404(b) Evidence.  Evidence of prior similar acts is discoverable under Fed.
23  R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon
24  request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the
25  general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at
26  trial.  Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which
27  a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh,* 689 F.2d
28  822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); *see also United States v. Brooke,* 4

1  F.3d 1480, 1483 (9th Cir. 1993) (reaffirming *Mehrmanesh* and reversing convictions).

2      7.    <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a
3  warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

4      8.    <u>Request for Preservation of Evidence</u>. The defense specifically requests that all dispatch
5  tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession,
6  custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case
7  be preserved. This request includes, but is not limited to, Mr. Barrera-Santana's personal effects, and any
8  evidence seized from Mr. Barrera-Santana or any third party.

9      Mr. Barrera-Santana requests that the prosecutor be ordered to *question* all the agencies and
10 individuals involved in the prosecution and investigation of this case to determine if such evidence exists,
11 and if it does exist, to inform those parties to preserve any such evidence.

12     9.    *Henthorn* Material. Mr. Barrera-Santana requests that the Assistant United States
13 Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files
14 of each agent (including local and state authorities) involved in the present case for impeachment material.
15 *See Kyles v. Whitley,* 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to learn
16 of any favorable evidence known to the others acting on the government's behalf in the case, including the
17 police"); *United States v. Henthorn,* 931 F.2d 29 (9th Cir. 1991). This request includes, but is not limited
18 to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent,
19 whether or not the investigating authority has taken any action, as well as any matter for which a
20 disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended.
21 Mr. Barrera-Santana further requests production of any such information at least *one week* prior to the
22 motion hearing and two weeks prior to trial. If the prosecutor is uncertain whether certain information
23 should be disclosed pursuant to this request, this information should be produced to the Court in advance
24 of the motion hearing and the trial for an *in camera* inspection.

25     10.    <u>Tangible Objects</u>. Mr. Barrera-Santana requests the opportunity to inspect, copy, and
26 test, as necessary, all other documents and tangible objects, including photographs, books, papers,
27 documents, fingerprint analyses, vehicles, or copies of portions thereof, that are material to the defense or
28 intended for use in the government's case-in-chief or were obtained from or belong to Mr. Barrera-Santana

. Fed. R. Crim. P. 16(a)(1)(E). Specifically, Mr. Barrera-Santana requests **color copies** of all photographs in the government's possession.

11.     <u>Expert Witnesses</u>.  Mr. Barrera-Santana requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G). This summary should include a description of the witness' opinion(s), as well as the bases and the reasons for the opinion(s). *See United States v. Duvall,* 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not adequately summarize or describe police detective's testimony in drug prosecution where notice provided only a list of the general subject matters to be covered and failed to identify what opinion the expert would offer on those subjects).

Mr. Barrera-Santana requests the notice of expert testimony be provided at a minimum of *four weeks prior to trial* so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the government's expert and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert. *See Kumho v. Carmichael Tire Co.,* 526 U.S. 137, 119 S.Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

12.     <u>Impeachment evidence</u>. Mr. Barrera-Santana requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Barrera-Santana. *See* Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under *Brady,* 373 U.S. 83. *See United States v. Strifler,* 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); *Thomas v. United States,* 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

13.     <u>Evidence of Criminal Investigation of Any Government Witness</u>.  Mr. Barrera-Santana requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. *United States v. Chitty,* 760 F.2d 425 (2d Cir. 1985).

14.     <u>Evidence of Bias or Motive to Lie</u>.  Mr. Barrera-Santana requests any evidence that any prospective government witness is biased or prejudiced against Mr. Barrera-Santana, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie,* 480 U.S. 39 (1987); *Strifler,* 851 F.2d 1197.

15. <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity</u>. Mr. Barrera-Santana requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *Strifler,* 851 F.2d 1197; *Chavis v. North Carolina,* 637 F.2d 213, 224 (4th Cir. 1980).

16. <u>Witness Addresses</u>. Mr. Barrera-Santana requests the name and last known address of each prospective government witness. *See United States v. Napue,* 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker,* 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); *United States v. Cook,* 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). Mr. Ortiz also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a government witness. *United States v. Cadet,* 727 F.2d 1453 (9th Cir. 1984).

17. <u>Names of Witnesses Favorable to the Defendant</u>. Mr. Barrera-Santana requests the name of any witness who made any arguably favorable statement concerning Mr. Barrera-Santana or who could not identify him or who was unsure of his identity or participation in the crime charged. *Jackson v. Wainwright,* 390 F.2d 288 (5th Cir. 1968); *Chavis,* 637 F.2d at 223; *Jones v. Jago,* 575 F.2d 1164, 1168 (6th Cir.1978); *Hudson v. Blackburn,* 601 F.2d 785 (5th Cir. 1979), *cert. denied,* 444 U.S. 1086 (1980).

18. <u>Statements Relevant to the Defense</u>. Mr. Barrera-Santana requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. *United States v. Bailleaux,* 685 F.2d 1105 (9th Cir. 1982).

19. <u>Jencks Act Material</u>. Mr. Barrera-Santana requests production in advance of the motion hearing or trial of all material, including dispatch tapes, that the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2  Advance production will avoid the possibility of delay of the motion hearing or trial to allow Mr. Barrera-Santana to investigate the Jencks material. Mr. Barrera-Santana requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly any Jencks statements during cross-examination.

20. <u>*Giglio* Information</u>. Pursuant to *Giglio v. United States,* 405 U.S. 150 (1972), Mr.

1  Barrera-Santana requests all statements and/or promises, expressed or implied, made to any government
2  witnesses, in exchange for their testimony in this case, and all other information that could arguably be used
3  for the impeachment of any government witnesses.

4        21.      <u>Agreements Between the Government and Witnesses</u>.  Mr. Barrera-Santana requests
5  discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or
6  future compensation, or any other kind of agreement or understanding, including any implicit understanding
7  relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government
8  witness and the government (federal, state and/or local).  This request also includes any discussion with a
9  potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or
10 any possible plea bargain, even if no bargain was made or the advice not followed.

11       22.      <u>Informants and Cooperating Witnesses</u>.  Mr. Barrera-Santana requests disclosure of the
12 names and addresses of all informants or cooperating witnesses used or to be used in this case, and in
13 particular, disclosure of any informant who was a percipient witness in this case or otherwise participated
14 in the crime charged against Mr. Barrera-Santana. The government must disclose the informant's identity
15 and location, as well as disclose the existence of any other percipient witness unknown or unknowable to
16 the defense. *Roviaro v. United States,* 353 U.S. 52, 61-62 (1957).  The government must disclose any
17 information derived from informants that exculpates or tends to exculpate Mr. Barrera-Santana.

18       23.      <u>Bias by Informants or Cooperating Witnesses</u>.  Mr. Barrera-Santana requests disclosure
19 of any information indicating bias on the part of any informant or cooperating witness.  *Giglio,* 405 U.S.
20 150.  Such information would include what, if any, inducements, favors, payments or threats were made
21 to the witness to secure cooperation with the authorities.

22       24.      <u>Personnel Records of Government Officers Involved in the Arrest</u>.  Mr. Barrera-Santana
23 requests all citizen complaints and other related internal affairs documents involving any of the federal, state
24 or local law enforcement officers who were involved in the investigation, search, arrest and interrogation
25 of Mr. Barrera-Santana.  *See Pitchess v. Superior Court,* 11 Cal. 3d 531, 539 (1974).  Because of the
26 sensitive nature of these documents, defense counsel will be unable to procure them from any other source.
27       25.      <u>Training of Relevant Law Enforcement Officers</u>.  Mr. Barrera-Santana requests copies
28 of all written, videotaped or otherwise recorded policies or training instructions or manuals issued by all law

1 enforcement agencies involved in the case (Immigration and Customs enforcement, Customs and Border
2 Protection, DEA, etc.) to their employees regarding training, policies and procedures regarding the
3 interrogation of suspects.

4      26.     <u>Performance Goals and Policy Awards</u>. Mr. Barrera-Santana requests disclosure of
5 information regarding standards used for measuring, compensating or reprimanding the conduct of all law
6 enforcement officers involved in the case to the extent such information relates to the interdiction of aliens.

7      27.     <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(F),
8 Mr. Barrera-Santana requests the reports of all tests and examinations conducted in this case, including, but
9 not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the
10 possession, custody, or control of the government, the existence of which is known, or by the exercise of
11 due diligence may become known, to the attorney for the government, and that are material to the
12 preparation of the defense or are intended for use by the government as evidence in chief at the trial.

13      29. <u>Residual Request</u>. Mr. Barrera-Santana intends by this discovery motion to invoke his rights
14 to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the
15 Constitution and laws of the United States. This request specifically includes all subsections of Rule 16.

16 Mr. Barrera-Santana requests that the government provide the above requested material sufficiently
17 in advance of trial and the next motion hearing date.

## III.

## CONCLUSION

Mr. Barrera-Santana respectfully requests that the Court grant his motion.

Respectfully submitted,

Dated: June 6, 2008                                **/s/ John C. Lemon**
                                                         **JOHN C. LEMON**
                                                         Attorney for Mr. Barrera-Santana